# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 11:22 am, Aug 13, 2015

| | |
|---|---|
| In the matter of: ) | |
| ) | |
| YOLANDA BAILEY, ) | Chapter 13 Case |
| ) | |
| *Debtor.* ) | Number 15-40179-EJC |
| ) | |
| YOLANDA BAILEY, ) | Adversary Proceeding |
| ) | |
| *Plaintiff,* ) | Number 15-04024-EJC |
| ) | |
| v. ) | |
| ) | |
| KEYHOLE FINANCIAL ) | |
| SERVICES, LLC, ) | |
| ) | |
| *Defendant.* ) | |

## DEFAULT JUDGMENT AND ORDER

On April 16, 2015, Yolanda Bailey ("Plaintiff" or "Debtor") filed this adversary against Keyhole Financial Services, LLC ("Defendant") seeking a determination that the Defendant's lien upon the Plaintiff's real property commonly known as 1021 Richards Street, Savannah, Georgia 31414 and improvements located thereon ("Property") may be avoided and that the Defendant has a general unsecured claim. The Defendant failed to answer the Plaintiff's complaint and, pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), default was entered on June 15, 2015. The Plaintiff requests that default judgment be entered against the Defendant. The Plaintiff's affidavit states that the Defendant was properly served with the summons and complaint. After such service, the Defendant has failed to file any responsive pleadings, or appear at any hearing.

According to the Plaintiff's complaint, the Property is encumbered by a first mortgage, which has a balance of about $33,938.00. The Defendant holds a second mortgage secured by the Property.

According to the Plaintiff's complaint, the outstanding debt owed on the first lien position exceeds the total value of the Property.[1] As a result, the Plaintiff brought this adversary to have the Defendant's lien avoided and its corresponding claim classified as unsecured rather than secured. *See Tanner v. FirstPlus Fin., Inc.*, 217 F.3d 1357 (11th Cir. 2000); *Am. Gen. Fin., Inc. v. Dickerson*, 222 F.3d 924 (11th Cir. 2000). Based upon these facts, the Plaintiff requests an order declaring that the Defendant's lien is entirely unsecured and subject to discharge upon the Plaintiff's successful completion of her Chapter 13 case.

For these reasons, it is ORDERED that: the Plaintiff's motion for Default Judgment as to the Defendant is GRANTED. It is further ORDERED that the mortgage lien on the Property held by the Defendant, which is recorded in Deed Book 352 J, Page 475 in the records of the Superior Court of Chatham County, Georgia, is deemed void with respect to the interest of the Debtor in the Property and shall be extinguished automatically, without further court order, upon entry of the Chapter 13 discharge in this case. Additionally, the Plaintiff may record this judgment in the appropriate real estate records indexing system upon the entry of the discharge in this case.

In the event that this case is dismissed, the lien of the Defendant shall not be affected by this Order. *See* 11 U.S.C. § 349(b)(1)(C). In the event that this case is converted to a case under another chapter of the Bankruptcy Code, the rights of the Defendant with regard to its lien shall be governed by the applicable provisions of the Bankruptcy Code and the mortgage lien shall not be affected by this Order.

*It is so ordered.* Dated at Savannah, this 12th day of August, 2015.



Edward J. Coleman, III
United States Bankruptcy Judge
Southern District of Georgia

---

[1] According to Plaintiff's complaint, the property's fair market value is about $26,900.00